WATSON, Justice.*
This is a disciplinary proceeding against John E. Miller brought by the Louisiana State Bar Association through its Committee on Professional Responsibility.
Attorney Miller was convicted of a felony, the theft of more than $500.00 in violation of LSA-R.S. 14:67. When an attorney is convicted of a serious crime, the Committee on Professional Responsibility files a petition asking for appropriate disciplinary action. Article 15, Section 8, Articles of Incorporation of the State Bar Association. The idea is not to add further punishment to that meted out by the criminal court. The primary purpose of such a proceeding is to protect the public against those who are morally unfit to continue in the practice of law. Louisiana State Bar Association v. McSween, 347 So.2d 1118 (La., 1977); Louisiana State Bar Association v. Summers, 379 So.2d 1065 (La., 1980).
The Commissioner appointed to hold a hearing in this matter has reported that it involves theft of travel expense funds over a period of five years, but that restitution of ninety percent of the total, or between $12,000.00 and $13,000.00, was made in 1971. Various Baton Rouge attorneys who have practiced law with and against attorney Miller testified that he has otherwise conducted himself properly and honorably both before and after the offense. Three businessmen in Baton Rouge testified that he has handled their affairs in a competent and satisfactory manner. Both Kenneth Deason and George W. Robinson, Jr., would continue to employ Mr. Miller in their businesses. Attorney James L. Dendy testified that Miller participated with him in overseeing the expenditure of large sums of federal funds in connection with construction of the interstate highway system, and that Miller is truthful and honest and has rehabilitated himself since 1970.
Respondent Miller does not deny his guilt and pleads various mitigating circumstances as follows: The fraudulent theft of travel expenses while employed by a governmental agency does not relate directly to the practice of law. He has rehabilitated himself and atoned for the crime. He has conducted himself properly in the ten year interval, handling and accounting properly for thousands of dollars, capably managing *912 legal affairs for many clients, and donating his time and effort to defend criminal indigents. Citizens and lawyers who are familiar with the situation believe that his continuation in the practice of law would not dishonor the legal profession in Louisiana.
It is correct that the crime in question was not directly concerned with the practice of law, but it unquestionably involved fraud in violation of the Bar Association’s rule DR 1-102 and therefore warrants some disciplinary action. Attorney Miller appears sincerely contrite and repentant. Restitution of the funds was made prior to commencement of these proceedings. The evidence is that, attorney Miller has rehabilitated himself since the crime and has continued in the practice of law during the past ten years without any further discredit to himself or to his profession. The Commissioner has not recommended any particular penalty. While some disciplinary action is necessary to preserve the integrity of the Bar Association and to caution other members against criminal conduct, a suspension from the practice of law for a period of eighteen months is appropriate in this instance. Compare Louisiana State Bar Ass’n v. Ponder, 340 So.2d 134 (La., 1976) and Louisiana State Bar Ass’n v. Jones, 372 So.2d 1186 (La., 1979); Louisiana State Bar Ass’n v. Adams, 368 So.2d 694 (La., 1979); Louisiana State Bar Ass’n v. Stinson, 368 So.2d 971 (La., 1979).
For the reasons assigned, it is ordered that John E. Miller be suspended from the practice of law for a period of eighteen months and that he be cast for all costs of these proceedings.

 Honorable L. Julian Samuel participated in this decision as Associate Justice ad hoc, in place of Summers, C. J., and Honorable John Charles Boutall participated in this decision in place of Blanche, J., who was recused.